JWV/EWB Jan 2016

GJ#15

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Case No: 2:15-CR-314-KOB-JEO |
| ) | |
| NAKEISHA HALL; ) | |
| JIMMIE GOODMAN; ) | |
| and ABDULLA COLEMAN ) | |
| *Also known as* "Abdullah Coleman") | |
| *Also known as* "Julius Dawson," ) | |
| *Also known as* "Rafael Dawson," ) | |
| Defendants. ) | |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

At all times material to this Superseding Indictment:

### INTRODUCTION

1.  Defendant **NAKEISHA HALL** was an employee of the Internal Revenue Service (IRS).

2.  The IRS is a federal agency responsible for the collection of various taxes owed to the United States Government, including various taxes owed by individuals. In order to determine what, if any, taxes an individual owes in a given year, the individual must file an annual tax return with the IRS. A tax return determines whether an individual owes money to the IRS or is entitled to a refund

of money.

3. By virtue of her employment, **HALL** had the *ability* to access the Personal Identity Information (PII), including names and social security numbers of real individuals. **HALL** only had the *authority* to access such PII for certain limited IRS business purposes. **HALL** was also familiar with how to file Forms 1040, U.S. Individual Income Tax Returns, and how to maximize tax refund amounts.

4. In order to file a tax return, the filer must provide PII for an individual taxpayer such as a name, social security number, and date of birth. A filer may submit a tax return to the IRS by mail using a paper form or electronically via the internet using various types of tax-preparation software.

5. The IRS allows individuals to receive any tax refund to which they may be entitled by numerous methods, including direct deposit onto a stand-alone debit card issued solely for the purpose of accepting the refund (hereinafter "debit card"). If a filer chooses the debit card option, he or she may designate to which address the debit card should be sent via United States mail.

6. Each debit card is embossed with the taxpayer's name and a unique account number. Once the card is activated, the money associated with the card can be accessed by a variety of means, including (i) using the debit card at an automated teller machine (ATM), and (ii) using the debit card to purchase goods

and services and then receiving any unspent balance associated with the card in the form of cash back.

7. Improperly refunded tax monies are monies that rightfully belong to the United States Government.

8. Defendants **ABDULLA COLEMAN** and **JIMMIE GOODMAN** were acquaintances of **HALL**.

9. Numerous financial institutions, including the Bancorp Bank, issue stand-alone debit cards issued solely for the purpose of accepting tax refunds. The Bancorp Bank is a financial institution insured by the Federal Deposit Insurance Corporation (FDIC).

### COUNT ONE
### Theft of Government Funds
### [18 U.S.C. § 641]

10. The Grand Jury incorporates paragraphs one through seven as though re-alleged here.

11. The Grand Jury charges that:

From on or about September 21, 2010, to on or about October 3, 2010, in Jefferson County, Alabama, within the Northern District of Alabama, the defendant,

**NAKEISHA HALL,**

willfully and knowingly did steal, purloin, and convert to her own use and the use of another, improperly refunded United States income tax refunds, of the value of more than $1000, which were the goods and property of the United States, to wit: a $1399 fraudulent 2009 income tax refund issued to K.C., in violation of 18 U.S.C. § 641.

## COUNT TWO
### Aggravated Identity Theft
### [18 U.S.C. § 1028A]

12. The Grand Jury incorporates paragraphs one through seven as through re-alleged here.

13. The Grand Jury further charges that:

From on or about September 15, 2010, to on or about October 3, 2010, in Jefferson County, in the Northern District of Alabama and elsewhere, the defendant,

**NAKEISHA HALL,**

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit: the social security number and the date of birth of a genuine individual taxpayer, whose initials are A.C. and the Bancorp debit card number XXXXXXXXXXXX3279 issued in the name K.C. and the date of birth and social security number of A.C., during and in relation to the theft of

government funds charged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1) and 2.

## COUNT THREE
### Unauthorized Access to a Protected Computer
### [18 U.S.C. § 1030(a)(2) and (c)(2)(B)]

14. The Grand Jury incorporates paragraphs one through seven as though fully re-alleged here.

15. The Grand Jury further charges that:

On or about the 3rd day of October, 2010, within the Northern District of Alabama, the defendant,

**NAKEISHA HALL,**

intentionally exceeded her authorized access to a computer, and thereby obtained information from a department or agency of the United States and from a protected computer, and the offense was committed for purposes of commercial advantage and private financial gain and in furtherance of a criminal and tortious violation of the laws of the United States, specifically theft of government funds under 18 U.S.C. § 641, to wit: the defendant accessed the Integrated Data Retrieval System (IDRS) maintained by the IRS to obtain a social security number ending in 0038 which was subsequently used to file a fraudulent 2009 income tax return requesting an improper refund, all in violation of 18 U.S.C. § 1030(a)(2) and (c)(2)(B).

# COUNT FOUR
## Conspiracy to Commit Mail Fraud Affecting a Financial Institution and Bank Fraud
## [18 U.S.C. §§ 1341, 1344, 1349, 3293]

16.     The Grand Jury incorporates paragraphs one through nine as if re-alleged here.

17.     The Grand Jury further charges that:

Between in or about January 2008 and in or about November 2011, a more exact date not being known to the Grand Jury, in Jefferson County in the Northern District of Alabama and elsewhere, the defendants,

**NAKEISHA HALL;**
**JIMMIE GOODMAN; and**
**ABDULLA COLEMAN,**
*Also known as* **"Abdullah Coleman,"**
*Also known as* **"Julius Dawson,"**
*Also known as* **"Rafael Dawson"**

and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, and agree with each other to:

(a) commit mail fraud in violation of 18 U.S.C. § 1341, that is to knowingly devise and intend to devise a scheme and artifice to defraud the United States Internal Revenue Service and financial institutions, including the Bancorp Bank, and to obtain money and property from the United States Internal Revenue Service, by means of materially false and fraudulent

pretenses, representations and promises, and to use the United States mail for the purpose of executing that scheme and artifice to defraud; and

(b) commit bank fraud in violation of 18 U.S.C. § 1344, that is to knowingly devise and intend to devise a scheme and artifice to defraud Bancorp Bank and other financial institutions and to obtain moneys and funds owned by and under the custody or control of Bancorp Bank and other financial institutions, by means of materially false and fraudulent pretenses and representations;

all in violation of Title 18, United States Code Sections 1341, 1344 and 1349.

## MANNER AND MEANS OF THE CONSPIRACY

18. It was part of the conspiracy that **HALL** obtained PII, including names, dates of birth, and social security numbers, of real individuals. **HALL** obtained at least some, if not all, of this PII through her job at IRS. **HALL** obtained the PII by exceeding her authority and accessing IRS information for non-business purposes. Specifically, **HALL** ran various searches through the Integrated Data Retrieval System (IDRS) looking for PII belonging to individuals who met certain criteria.

19. It was further part of the conspiracy that **HALL** prepared tax returns in the identities of some of the individuals whose PII she obtained (hereinafter

referred to as "Fraudulent Returns") by using their PII and false and fictitious income, credit, and deduction information.

20. It was further part of the conspiracy that **HALL** prepared Fraudulent Returns on her home computer and elsewhere using tax preparation software and transmitted the returns to IRS electronically.

21. It was further part of the conspiracy that **HALL** requested that the refunds generated by Fraudulent Returns be paid onto stand-alone debit cards issued by financial institutions, including Bancorp Bank, for the purpose of accepting tax refunds (hereinafter referred to as "Refund Cards").

22. It was further part of the conspiracy that **HALL** requested that the Refund Cards be sent by United States mail to addresses that she could control (hereafter "drop addresses") rather than to the real addresses of the named taxpayers.

23. It was further part of the conspiracy that **HALL** solicited and received drop addresses from **GOODMAN, COLEMAN,** and others known and unknown to the Grand Jury (hereinafter collectively referred to as "**THE CO-CONSPIRATORS**") where the Refund Cards could be mailed and picked up without interference.

24. It was further part of the conspiracy that once the Refund Cards were delivered to the drop addresses, **GOODMAN, COLEMAN,** and **THE CO-CONSPIRATORS**, would take and receive the Refund Cards from the mail.

25. It was further part of the conspiracy that **HALL** would activate the Refund Cards using PII.

26. It was further part of the conspiracy that **HALL, GOODMAN, COLEMAN,** and the **CO-CONSPIRATORS** would liquidate any refund monies from the Refund Cards by using them at ATMs or purchasing items with them. It was further part of the conspiracy that **HALL** would compensate **GOODMAN, COLEMAN,** and the **CO-CONSPIRATORS** for providing her with drop addresses, picking up Refund Cards from the mail at the drop addresses, and liquidating Refund Cards by giving them a portion of the money obtained from the Refund Cards or by giving them Refund Cards to use to buy goods and services.

27. It was further part of the conspiracy that if the Fraudulent Returns generated paper United States Treasury checks instead of Refund Cards, **HALL** and the **CO-CONSPIRATORS** would utilize fraudulent endorsements to cash the paper United States Treasury checks at financial institutions.

All in violation of Title 18, United States Code, Sections 1341, 1344 and 1349.

## NOTICE OF FORFEITURE
## [18 U.S.C. § 982(a)(2)(A]

1.  The allegations contained in Count Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.  Upon conviction of one or more of the offenses alleged in Count Four this Indictment, the defendants, **NAKEISHA HALL, JIMMIE GOODMAN,** and **ABDULLA COLEMAN**, *also known as* **"Abdullah Coleman," "Julius Dawson" and "Rafael Dawson,"** shall forfeit to the United States of America, pursuant to Title 18, United States Code Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting and derived from proceeds traceable to such offenses.

3.  If any of the property described above, as a result of any act and omission of the defendant:

    a.  Cannot be located upon the exercise of due diligence;

    b.  Has been transferred and sold to, and deposited with, a third party;

    c.  Has been placed beyond the jurisdiction of the court;

    d.  Has been substantially diminished in value; and

    e.  Has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

A TRUE BILL
*/s/ Electronic Signature*

_____
FOREMAN OF THE GRAND JURY

                                      JOYCE WHITE VANCE
                                      United States Attorney

                                      */s/ Erica Williamson Barnes*
                                      ERICA WILLIAMSON BARNES
                                      Assistant United States Attorney